```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------X
MICHELLE SCARVER,

                    Plaintiff,

        -against-                           MEMORANDUM AND ORDER
                                            05-CV-2775 (JS)(WDW)
DETECTIVE MC GLOCKLYN,
Office of the Inspector General,

                    Defendant,
-------------------------------------X
APPEARANCES:

For Plaintiff:     Michelle Scarver, Pro Se
                   3C Hemlock Drive
                   Bay Shore, New York 11706

For Defendant:     Diane C. Leonardo-Beckmann, Esq.
                   United States Attorney
                   Eastern District of New York
                   601 Federal Plaza, 5th Fl.
                   Central Islip, New York 11722-4454
```

SEYBERT, District Judge:

### INTRODUCTION

Pro se Plaintiff Michelle Scarver ("Plaintiff") commenced the instant action pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, against "Detective McGlocklyn" in his official capacity as an employee of the Office of the Inspector General ("the Government"). Pending before the Court is the Government's motion for summary judgment. For the reasons stated below, the Government's motion is GRANTED.

BACKGROUND

I.  Procedural Background

The Government previously moved to dismiss this action pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. By Order dated August 28, 2006, the Court denied the Government's motion to dismiss, finding that the Government's argument was not properly brought pursuant to Rule 12(b)(1). The Court ruled that challenges "to a plaintiff's ability to establish the merits of an otherwise well pleaded claim are more appropriately brought in a summary judgment motion." (Order at 4, Aug. 28, 2006.)

The Government then served Plaintiff with its Rule 56.1 Statement on April 17, 2007. Plaintiff failed to respond at first. In light of Plaintiff's pro se status, this Court granted Plaintiff until May 25, 2007 to file her Rule 56.1 Counter-Statement in the event she wanted to dispute any of the facts set forth in the Government's Rule 56.1 Statement. Instead of filing a Rule 56.1 Counter-Statement, Plaintiff filed objections pursuant to Rule 56(f), claiming that the facts set forth in the Government's 56.1 Statement were inadmissible in the instant action because they related to a prior action involving Plaintiff, Scarver v. Federal Bureau of Investigation, No. 00-CV-2505, which was dismissed by this Court on June 2, 2000. In addition, Plaintiff requested discovery.

The parties then appeared before this Court for a pre-motion conference on June 22, 2007. At the conference, the Court denied Plaintiff's request for discovery and explained to Plaintiff that if she wished to oppose the Government's motion for summary judgment, she had to first serve a Rule 56.1 Counter-Statement, in which she must set forth disputed issues of material fact with citations to evidence. The Court further advised Plaintiff that if she did not identify any disputed facts, the facts set forth in the Government's Rule 56.1 Statement would be deemed admitted. Plaintiff was also provided with a Rule 56.2 Notice by the Court.

On June 29, 2007, the Court received Plaintiff's purported Rule 56.1 Counter-Statement, in which she cites to her 2000 action against the FBI, claims that a July 19, 1999 letter referred to in paragraph 5 of the Government's Rule 56.1 Statement is inadmissible because she no longer seeks the relief requested in the letter and, once again, requests discovery. (Docket Entry 32.) Additionally, the Court notes that, in response to the Government's motion for summary judgment, Plaintiff submitted "Plaintiff's Objection Pursuant to Rule 12(E)," (Docket Entries 41 and 42), in which she requests a more Definite Statement and claims the Government's memorandum of law is inadmissible and an obstruction of justice.

II. Factual Background

The following facts are taken from the Government's Rule 56.1 Statement and the exhibits thereto.[1]

Plaintiff first submitted a FOIA request to the FBI on February 22, 1999 ("February 1999 Request"). (Govt's R. 56.1 Stmt. ¶ 1.) As best the Court can decipher, Plaintiff explained in her February 1999 Request that she is a missing person in both the United States and the United Kingdom, although under different names. (Hardy Decl. Ex. A.) In the February 1999 Request, Plaintiff sought all information pertaining to the two missing persons cases and information concerning the conspiracy to commit Plaintiff's murder. (Id.) After additional correspondence between the parties, Plaintiff sent a letter, dated July 15, 1999, to FBI Director Louis Freeh requesting that her February 1999 Request be expedited. (Govt's R. 56.1 Stmt. ¶¶ 2-4.)

On July 19, 1999, Plaintiff sent a follow-up letter also requesting her two million dollar inheritance file, a statement that would annul her marriage and a new birth certificate "as it has been determined that I have been abducted." (Hardy Decl. Ex. E.) On July 22, 1999, the FBI sent Plaintiff a letter advising her

---

[1] As previously explained, Plaintiff has failed to raise any genuine issues of material fact with respect to any of the facts set forth in the Government's 56.1 Statement and, therefore, such facts are deemed admitted.

that it was unable to retrieve the requested file but would advise her when it did. (Govt's R. 56.1 Stmt. ¶ 6.) The letter also advised Plaintiff of the administrative appeal process. (Id.) Plaintiff filed an administrative appeal on August 2, 1999 with the Department of Justice ("DOJ") and the Office of Information and Privacy ("OIP"). (Id. ¶ 7.)

On August 23, 1999, Plaintiff sent a letter to DOJ explaining the importance of retrieving all information in the FBI's files pertaining to Plaintiff in order to be placed in a "Witness Security Program" because her life is in danger and she is a "stolen Princess from England." (Hardy Decl., Ex. I.) After a number of letters back and forth, on November 30, 1999, Plaintiff sent another letter to FBI Director Louis Freeh asking for any FBI files pertaining to her, which was initially treated as a second request but ultimately combined with her February 1999 Request. (Govt's R. 56.1 Stmt. ¶¶ 10-20.)

On February 11, 2000, the FBI sent to Plaintiff a letter along with 20 pages out of 20 pages pertaining to Plaintiff that it had located in response to Plaintiff's requests. (Id. ¶ 21.) Personal information of two FBI employees had been redacted on two of the 20 pages. (Id.) Unhappy with the response to her request, Plaintiff sent a letter on June 30, 2000 to request an administrative appeal. (Hardy Decl. Ex. W.) By letter dated

November 6, 2000, OIP advised Plaintiff that the FBI properly withheld certain information pursuant to the Privacy Act of 1974 (the "Privacy Act") and FOIA and that she could seek judicial review pursuant to 5 U.S.C. § 552(a)(4)(B).

After unsuccessfully bringing two other actions in this Court, Plaintiff commenced the underlying action on June 9, 2005 seeking custody of her children and her "missing persons data sheet from Detective McGlocklyn." (Compl. p. 2)

## DISCUSSION

I. <u>Standard Of Review On Summary Judgment</u>

"Summary judgment is appropriate where there is no genuine dispute concerning any material facts, and where the moving party is entitled to judgment as a matter of law." <u>Harvis Trien & Beck, P.C. v. Fed. Home Loan Mortgage Corp. (In re Blackwood Assocs., L.P.)</u>, 153 F.3d 61, 67 (2d Cir. 1998)(citing Fed. R. Civ. P. 56(c)); <u>see also</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

"The burden of showing the absence of any genuine dispute as to a material fact rests on the party seeking summary judgment." <u>McLee v. Chrysler Corp.</u>, 109 F.3d 130, 134 (2d Cir. 1997); <u>see also</u> <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144, 157, 90 S. Ct. 1598, 26

L. Ed. 2d 142 (1970). "In assessing the record to determine whether there is a genuine issue to be tried as to any material fact, the court is required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." McLee, 109 F.3d at 134.

"Although the moving party bears the initial burden of establishing that there are no genuine issues of material fact, once such a showing is made, the non-movant must 'set forth specific facts showing that there is a genuine issue for trial.'" Weinstock v. Columbia Univ., 224 F.3d 33, 41 (2d Cir. 2000) (quoting Anderson, 477 U.S. at 256). "Mere conclusory allegations or denials will not suffice." William v. Smith, 781 F.2d 319, 323 (2d Cir. 1986). Indeed, when a motion for summary judgment is made, it is time to "to put up or shut up. . . . [U]nsupported allegations do not create a material issue of fact." Weinstock, 224 F.3d at 41 (internal citations omitted). It is within this framework that the Court addresses the present summary judgment motion.

II. FOIA

In addition to the general standard for summary judgment, the Court is also guided by the standards specific to a motion for summary judgment in a FOIA case. The Second Circuit's decision in Carney v. United States Department of Justice provides the Court

7

with substantial guidance in deciding a motion for summary judgment in a FOIA case. Carney, 19 F.3d 807, (2d Cir. 1994) As set forth in Carney,

> In order to prevail on a motion for summary judgment in a FOIA case, the defending agency has the burden of showing that its search was adequate and that any withheld documents fall within an exception to the FOIA . . . . Affidavits or declarations supplying facts indicating that the agency has conducted a thorough search and giving reasonably detailed explanations why any withheld documents fall within an exemption are sufficient to sustain the agency's burden . . . Affidavits submitted by an agency are accorded a presumption of good faith, . . . accordingly, discovery relating to the agency's search and the exemptions it claims for withholding records generally is unnecessary if the agency's submissions are adequate on their face. When this is the case, the district court may forego discovery and award summary judgment on the basis of affidavits.

Id. at 812 (internal quotation marks and citations omitted).

In support of its motion, the Government submitted a declaration from David M. Hardy, Section Chief of the Record/Information Dissemination Section at the Federal Bureau of Investigation Headquarters in Washington D.C. ("FBIHQ"). (Hardy Decl. ¶ 1.) Hardy supervises the Freedom of Information/Privacy Acts Litigation Support Unit. (Id. ¶ 2.)

In his declaration, Hardy recounts Plaintiff's initial February 1999 Request and the numerous requests and correspondence

that followed. (Id. ¶¶ 5-29.) According to Hardy, Plaintiff was initially advised that the indices at FBIHQ indicated that the Government possessed a file that might or might not be responsive to Plaintiff's request, but the file was missing at that time. (Id. ¶ 10.) Plaintiff was informed that, once the FBI located the file, its contents would be reviewed and Plaintiff would be informed of the final determination concerning disclosure. (Id. ¶ 18.) Eventually, the files were located and Plaintiff was provided copies of 20 out of 20 pages reviewed in response to her requests. (Id. ¶ 25.) Of the 20 pages, 18 were released in full and 2 contained redactions. (Id. ¶ 37.) Specifically, the names of two FBI employees and the phone number of one FBI employee were redacted pursuant to exemptions under the FOIA. (Id. ¶ 42.)

Hardy also provides a detailed explanation of the process by which the FBI searched for the records requested by Plaintiff in its Central Records System ("CRS"). (Id. ¶¶ 30-34.) As a result of searching the CRS, Plaintiff was identified with one cross-reference file entitled Office of Professional Responsibility Matters ("OPR") and one file entitled FOIA. (Id. ¶¶ 29, 35.) Plaintiff was not the subject of an FBIHQ main file. (Id. ¶ 29.)

Once the responsive records were located, the documents were reviewed to determined whether they were covered by any of the exemptions of the Privacy Act or FOIA. (Id. ¶ 25-26.) Upon

review, FBIHQ determined that the documents were exempt from disclosure under the Privacy Act, 5 U.S.C. §552a(j)(2), because they concerned an OPR matter. (Id. ¶ 39.) Although exempt under the Privacy Act, the responsive documents were then reviewed under the FOIA to assure maximum disclosure. (Id.) FBIHQ then determined that, although a substantial majority of the material was required to be disclosed under the FOIA, the names of two FBI employees and the telephone number of one FBI employee were exempt from disclosure pursuant to 5 U.S.C. §§ 552(b)(6) and (b)(7)(C). (Id. ¶¶ 40-46.) Furthermore, Hardy avers that Plaintiff has been provided all records responsive to her FOIA requests. (Id. ¶ 47.)

The Court finds that Hardy's declarations are sufficient to meet the agency's burden of proof. Hardy's declaration is reasonably detailed concerning the search conducted and the explanations relating to the applicable exemptions. Hardy's declaration demonstrates that the FBI and related agencies were responsive to Plaintiff and engaged in a thorough search in response to Plaintiff's requests. Furthermore, Plaintiff was provided all documents retrieved in response to her request except the names of two FBI employees and the telephone number of one FBI employee, both of which are exempt under the FOIA.

Plaintiff, nonetheless, requests discovery and claims that Hardy is suppressing evidence relating to her "Missing Person"

file, including video tapes pertaining to Plaintiff's identity and "doctors forms for the dermatologist that plaintiff's [sic] needs to receive to cross back over into her original race." (Pl.'s Objection 2.) As is clear law in this Circuit, however,

> [i]n order to justify discovery once the agency has satisfied its burden, plaintiff must make a showing of bad faith on the part of the agency sufficient to impugn the agency's . . . declarations, . . . or provide some tangible evidence that an exemption claimed by the agency should not apply or summary judgment is otherwise inappropriate.

Carney, 19. F.3d at 812. As was the case in Carney, Plaintiff's allegations are purely speculative and somewhat delusional. See id. at 813. Plaintiff offers absolutely no facts to support her allegations. Accordingly, Plaintiff's request for discovery is denied.

Additionally, Plaintiff requests, pursuant to Rule 12(e), a more definite statement with respect to the Government's memorandum of law in support of its motion for summary judgment. Rule 12(e) permits a party to move for a more definite statement of a pleading, which is so vague or ambiguous that the party cannot reasonably prepare a response, and to which a responsive pleading is allowed. Fed. R. Civ. P. 12(e). The Government's memorandum of law in support of its motion for summary judgment is not a pleading. Furthermore, the memorandum of law is neither vague nor

ambiguous. Accordingly, the Court denies Plaintiff's request for a more definite statement.

In light of the foregoing, the Court concludes that the Government has met its "burden of showing that its search was adequate" and that the redacted information falls within an exemption to the FOIA. Carney, 19 F.3d at 812. Accordingly, the Government is entitled to summary judgment in its favor.

## CONCLUSION

For the reasons explained above, the Government's motion for summary judgment is GRANTED. The Clerk of the Court is directed to mark this matter CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: Central Islip, New York
       March 4, 2008